UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SERGIO CRUZ PORTILLO VALDIVIEZO,<br>Petitioner,<br>v.<br>MARKWAYNE MULLIN, et al.,<br>Respondents. | Case No.: 26-CV-4371 JLS (DEB)<br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br>(ECF No. 16) |

Presently before the Court is Petitioner Sergio Cruz Portillo Valdiviezo's Motion for Reconsideration ("Mot.," ECF No. 16). Also before the Court are Respondents' Opposition ("Opp'n," ECF No. 19) and Petitioner's Reply ("Reply," ECF No. 20). For the following reasons, the Court **DENIES** the Motion.

**BACKGROUND**

Petitioner, a citizen of Honduras, entered the United States without inspection in 2021. Pet. at 3. On June 24, 2026, Petitioner was arrested—without a warrant—while on his way to work. *Id.* However, Petitioner was served with an arrest warrant on June 28, 2026. Ret. at 2, Ex. 1.

Petitioner then filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. The Court granted the Petition in part, requiring Respondents to give Petitioner a bond

hearing but denying Petitioner's release. ECF No. 13. Petitioner then filed the instant Motion, arguing that the Court should reconsider its Order under Rule 60(b)(1) because it made an error of law. Mot. at 4.

## LEGAL STANDARD

Rule 60(b)(1) authorizes relief from a final judgment or order for "mistake." Fed. R. Civ. P. 60(b)(1). "[A] judge's errors of law are indeed 'mistake[s]' under Rule 60(b)(1)." *Kemp v. United States*, 596 U.S. 528, 530 (2022). The Rule covers "all mistakes of law made by a judge," without requiring that the error be "obvious." *Id.* at 534. A claim that the court "erred by misapplying controlling law to record facts" falls within that definition. *Id.* at 535 n.2. However, reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona*, 229 F.3d at 883).

## DISCUSSION

Two main statutes are relevant here: 8 U.S.C. §§ 1225(b)(2) and 1226(a). Section 1225(b)(2) describes mandatory detention procedures, for which neither an initial custody determination nor a warrant is required. *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026). Section 1226(a), on the other hand, pertains to discretionary detention. Under that section, an alien may be arrested pending a removal decision after a warrant is issued by the Attorney General. 8 U.S.C. § 1226(a). But an exception to this warrant requirement exists when an officer "has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest." 8 U.S.C. § 1357(a)(2). "[W]hen arrests are made without a warrant, a custody determination must ordinarily be made within 48 hours, accompanied by a notice to appear, and in the case of continued custody a warrant will be issued post hoc." *Lopez-Perez v. Johnson*, No. 1:26-

CV-03083 JLT SAB (HC), 2026 WL 1506818, at *2 (E.D. Cal. May 29, 2026) (quoting *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026)).

Here, both parties agree that Petitioner's detention is governed by 8 U.S.C. § 1226(a). *See generally* Pet.; Ret. Both parties also agree that no warrant was presented at the time of Petitioner's arrest. *See* Mot. at 3; Opp'n at 2. Despite this, the Court previously denied Petitioner's request for release and instead granted him a bond hearing. *See* ECF No. 13. The Court explained that, at the time of Petitioner's arrest, Respondents were bound by precedent establishing that Petitioner was subject to mandatory detention under § 1225(b)(2). *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA Sep. 5, 2025). But after Petitioner's arrest, and before he filed his amended Petition, the Ninth Circuit held that aliens in Petitioner's shoes were instead subject to discretionary detention under § 1226(a). *See Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). Despite this change in law, this Court and many others held that the critical question is whether Respondents had knowledge of the warrant requirement *at the time of the arrest*. *See, e.g.*, *Rodriguez Pinzon v. Blanche*, No. 3:26-CV-04374-RBM-AHG, 2026 WL 2547063, at *1–2 (S.D. Cal. Aug. 27, 2026); *Garcia De Melo v. Stamper*, No. 1:26-CV-00152-JAW, 2026 WL 925672, at *5 (D. Me. Apr. 6, 2026). And because, at the time of Petitioner's arrest, Respondents were still bound by precedent prescribing mandatory detention, they had no knowledge of the warrant requirement. As a result, a bond hearing, rather than release, was the proper remedy. *Id.*

Petitioner claims that the Court committed legal error because it acknowledged a warrantless arrest but treated later custody processing as sufficient to deny release. Mot. at 4. Petitioner argues that because no warrant was issued, Respondents needed—but failed—to make a showing under § 1357(a)(2) that Petitioner was likely to escape. *Id.* But this ignores the Court's reasoning. The Court acknowledged that Respondents did not follow the proper procedures as the law stands today. At the time of Petitioner's arrest, however, Respondents had their hands tied. Had Petitioner been arrested after *Rodriguez*

*Vasquez*, i.e., after July 30, 2026, Respondents would have had notice of the warrant requirement and thus would have been required to follow those protocols. *See, e.g., Rodriguez v. Warden, Imperial Reg'l Det. Ctr.*, No. 26-CV-4775 JLS (BJW), 2026 WL 2665542 (S.D. Cal. Sept. 9, 2026). But because they did not have such notice, release is not appropriate.

Case law on the exclusionary rule provides guidance here. "[T]he sole purpose of the exclusionary rule is to deter misconduct by law enforcement." *Davis v. United States*, 564 U.S. 229, 246 (2011). "To trigger the exclusionary rule, police conduct must be sufficiently deliberate that exclusion can meaningfully deter it, and sufficiently culpable that such deterrence is worth the price paid by the justice system." *Herring v. United States*, 555 U.S. 135, 145 (2009). If law enforcement officers act in good faith, the exclusionary rule is inapplicable. *See United States v. Henderson*, 906 F.3d 1109, 1119–20 (9th Cir. 2018).

Here, Respondents appeared to have been acting in good faith, on binding BIA precedent, that § 1225(b)(2) governed and thus no warrant was required for Petitioner's arrest. Accordingly, the Court disagrees with Petitioner that the Court committed legal error in its previous order.

## CONCLUSION

Because the Court finds no mistake of law in its previous order, Petitioner's Motion for Reconsideration (ECF No. 16) is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 13, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge